UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN C. EDDELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-02925-TWP-MG |
| | ) |
| MATTHEW A. MYERS, | ) |
| BARTHOLOMEW COUNTY SHERIFF'S | ) |
| DEPARTMENT, and | ) |
| GOVERNMENT OF BARTHOLOMEW | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

This matter is before the Court on a Motion for Partial Summary Judgment filed by Defendants Matthew A. Myers, Bartholomew County Sheriff's Department, and Government of Bartholomew County (collectively "the Defendants"). Plaintiff Justin Eddelman ("Eddelman"), who at all relevant times was an inmate at the Bartholomew County Jail, brings this civil rights action alleging that he contracted a painful MRSA infection while incarcerated in an unsanitary cell in the jail.[1] The Defendants seek partial summary judgment alleging that this particular claim is barred for failure to exhaust administrative remedies. For the reasons explained below, the partial motion for summary judgment is **granted**.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

---

[1] Eddelman also raises claims that he was unlawfully arrested and incarcerated. The Defendants have filed a Motion for Partial Judgment on the Pleadings asserting that those claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) (Dkt. 35). Those claims will be resolved by separate order.

*Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the non-moving party.  *Id.*  If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute.  *Scott v. Harris,* 550 U.S. 372, 380 (2007).  The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor.  *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II.    UNDISPUTED FACTS

The following statement of facts was evaluated pursuant to the standard set forth above.  That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to the non-moving party with respect to each motion for summary judgment.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

As a preliminary matter, the Court must address Eddleman's responses to the Defendants' Motion for summary judgment.  He makes several factual assertions in his statement of material facts, (Dkt. 26), and "Memorandum of Plaintiff Introduction"[2], (Dkt. 28), alleging that he was unaware of the grievance process for the first month of his incarceration.  But those pleadings are unverified, and he has failed to provide admissible evidence to support those factual allegations.

"Admissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment."  *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009).  An unsworn pleading that is not signed under the penalty of perjury is inadmissible for purposes of defeating a motion for summary judgment.  *See Owens v. Hinsley*, 635 F.3d 950, 954−55 (7th Cir. 2011) (noting that a verified response in opposition to a motion for summary judgment was admissible even though it was not an affidavit because "a declaration under [28

---

[2] Mr. Eddelman also filed a "Memorandum of Law in Support of Plaintiff Dispute," (Dkt. 25), but that document consists of eight numbered paragraphs quoting 42 U.S.C. § 1997e(a) and multiple cases.  He does not argue how these authorities are relevant to this case.

U.S.C.] § 1746 is equivalent to an affidavit for purposes of summary judgment"); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (concluding that a "verified response constitutes competent evidence to rebut the defendants' motion for summary judgment").

Because Eddleman has not verified his motion nor supported it with an affidavit, the Court will not consider the factual allegations contained therein. This ruling is consistent with the requirement in Local Rule 56-1(e) that each fact asserted must be supported with a citation to admissible evidence. *See* S.D. Ind. Local Rule 56-1(e). Additionally, the Court observes that Eddleman sought and received an extension of time to submit evidence in support of his response, (Dkts. 27 and 29), but he did not avail himself of that opportunity.

### A.   Bartholomew County Jail Grievance Procedure

The Bartholomew County Jail has a written grievance procedure. (Dkt. 22 at p. 1, ¶ 3 and p. 5.) Under the grievance procedure, an inmate must submit a written complaint on a form located on the medication cart and submit it within 72 hours of the incident. *Id.* at p. 5. The inmate will receive a response in a timely manner, and he then may appeal to the jail commander. *Id.* The jail commander will respond only if overriding the decision of the original response. *Id.*

### B.   Eddleman's Use of the Grievance Procedure

After his arrest on June 15, 2020, Eddleman filed several grievances. (Dkt. 22 at p. 2, ¶ 4.) On August 18, 2020, he filed a grievance about access to a digital law library. *Id.* at p. 9. The other grievances were filed after Eddleman brought this lawsuit, and none of them pertained to his MRSA infection. *Id.* at pp. 10−20 (grievances pertaining to kiosk hours, requests for medical records, permission to possess personal photographs, law library schedule, recreation time, COVID-19 test results, and behavior of jail staff).

In short, Eddleman did not file a grievance about his MRSA infection or the conditions in his cell that may have caused his infection.

### III.    DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.* at 532 (citation omitted).  The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  *Id.* at 90. "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate."  *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Exhaustion is an affirmative defense, and the defendant bears the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit.  *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

The undisputed evidence shows that the grievance procedure was available to Eddleman, but he never filed a grievance about contracting a MRSA infection due to the conditions in his cell. Accordingly, Eddleman's claim related to his MRSA infection must be **dismissed without prejudice**.  *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

4

## IV. CONCLUSION

For the reasons explained above, the Defendants' Motion for Partial Summary Judgment, Dkt. [21], is **GRANTED**, and Eddleman's MRSA-related claims are **dismissed without prejudice**. No partial final judgment shall issue. The Court will resolve the pending Motion for Partial Judgment on the Pleadings by separate order.

Eddleman is no longer in jail, and he has not updated his address. He is reminded that it is his responsibility to maintain a current address on the docket. In Case No. 1:21-cv-00351-SEB-DML, he listed the following address in a proposed Amended Complaint: 2830 12th Street, Columbus, Indiana 47201. **The Clerk is directed** to update Eddleman's address on the docket.

**SO ORDERED.**

Date: 10/26/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Justin C. Eddelman
2830 12th Street
Columbus, Indiana  47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com