UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN C. EDDELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-02925-TWP-MG |
| ) | |
| MATTHEW A. MYERS, ) | |
| BARTHOLOMEW COUNTY SHERIFF'S ) | |
| DEPARTMENT, and ) | |
| GOVERNMENT OF BARTHOLOMEW ) | |
| COUNTY, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Motion for Partial Judgment on the Pleadings Pursuant to *Heck v. Humphrey* filed by Defendants Matthew A. Myers, the Bartholomew County Sheriff's Department, and Bartholomew County, (collectively the Defendants) (Dkt. 35). Plaintiff Justin C. Eddelman ("Mr. Eddelman") brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he was arrested and held without probable cause in violation of his Fourth Amendment rights after an incident at the Bartholomew County Sheriff's Department.[1] The Defendants now seek judgment on the pleadings on the basis that Mr. Eddelman's claims are barred. For the following reasons, the partial motion for judgment on the pleadings is **granted**.

### I. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim

---

[1] In his Complaint, Mr. Eddelman also raised a claim that he contracted a painful MRSA infection while incarcerated at the Bartholomew County Jail. The Defendants moved for partial summary judgment on that claim for failure to exhaust administrative remedies. (Dkt. 21.) That motion was granted by separate order. (*See* Dkt. 37.)

under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014) (internal citations omitted). To survive dismissal for failure to state a claim,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Eddelman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

"'A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 755 n.1 (7th Cir. 2012)). Under Federal Rule of Evidence 201, a court may take judicial notice of actions of other courts but "only if the fact is not subject to reasonable dispute." *Id.* at 647−48. If the moving party relies on other materials—including information within court records that is subject to reasonable dispute—the motion must be converted to one for summary judgment under Rule 56. *Id.* at 648 (noting that taking judicial notice of the date of arrest and the date plaintiff was taken before a judge—both of which the plaintiff disputed—was improper because "[c]ourt records, like any other documents, may contain erroneous information.").

## II.     DISCUSSION

In his Complaint, Mr. Eddelman alleges that on June 15, 2020, he went to the Bartholomew County Sheriff's Department ("Sheriff's Department") to report that his house had been vandalized. (Dkt. 1 at 3.) Bartholomew County Sheriff Matthew A. Myers arrested him without probable cause despite witnessing no crime and charged him with several felonies. *Id.*

2

The Defendants seek judgment on the pleadings arguing that because Mr. Eddelman pled guilty to an offense related to the incident, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck v. Humphrey*, a court must dismiss a § 1983 action if a judgment in favor of the plaintiff would necessarily imply the invalidity of his criminal conviction or sentence.  512 U.S. at 486−87.

The Defendants attach the following documents pertaining to Mr. Eddleman's state case number 03C01-2006-F5-002817 from the Bartholomew County Circuit Court: the Charging Information, (Dkt. 35-1); the Probable Cause Affidavit, (Dkt. 35-2); the Order on Change of Plea Hearing, (Dkt. 35-3); and the Abstract of Judgment and Sentencing Order, (Dkt. 35-4). According to the Probable Cause Affidavit, on June 15, 2020, Mr. Eddelman approached the front desk at the Sheriff's Department and told an employee that he hated Sheriff Myers and wanted to "wring his neck like a chicken."  (Dkt. 35-2 at ¶ 2.)  Sheriff Myers was informed of the threat and left his office to question Mr. Eddelman.  *Id.* at ¶ 3.  Mr. Eddelman started to leave, and when Sheriff Myers tried to stop him, Mr. Eddelman pushed the sheriff into the wall and kicked him in the knee. *Id.* Mr. Eddelman was charged with battery resulting in bodily injury to a public safety official, resisting law enforcement, and intimidation.  (Dkt. 35-1.) Mr. Eddelman pled guilty to Battery with Bodily Injury to a Public Safety Officer.  (Dkt. 35-3.)  On June 17, 2021, he was sentenced to three years in the Indiana Department of Correction, with all time suspended except that which he had already served.  (Dkt. 35-4.)

Mr. Eddelman did not respond to the motion to dismiss, and thus does not dispute the veracity of these court documents.  Further, the Court takes judicial notice of the chronological case summary in Cause No. 03C01-2006-F5-002817, available at mycase.in.gov, which reflects that Mr. Eddelman has not appealed or otherwise challenged his conviction.

The *Heck* rule not only applies to a claim that challenges a conviction or sentence but also includes those "that necessarily call[] into question the entire state prosecution." *Smith v. City of Chicago*, 3 F.4th 332, 337 (7th Cir. 2021). That is the case here. Mr. Eddelman's allegation that he was arrested without probable cause and wrongfully charged with several felonies would call into question his conviction for battering Sheriff Myers. In other words, if a jury in this case were to find that there was no probable cause to believe Mr. Eddelman committed a crime during the encounter with Sheriff Myers, the verdict would suggest his conviction for battery was invalid. Accordingly, his claim is barred by *Heck*, and the court must dismiss Mr. Eddelman's § 1983 action because a judgment in his favor would necessarily imply the invalidity of his criminal conviction or sentence. The Defendants motion for partial judgment on the pleadings must be **granted**.

### III.   CONCLUSION

For the foregoing reasons, the Defendants' Motion for Partial Judgment on the Pleadings, (Dkt. [35], is **GRANTED**, and Mr. Eddelman's Fourth Amendment claims are **DISMISSED without prejudice**. *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) (dismissals based on the *Heck* doctrine are without prejudice).

Because Mr. Eddelman's MRSA-related claims were dismissed for failure to exhaust administrative remedies, (Dkt. 37), all claims have now been dismissed. Final judgment shall now issue.

**SO ORDERED.**

Date:  10/28/2021

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Justin C. Eddelman
2830 12th Street
Columbus, Indiana  47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com